## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FATHOM EXPLORATION, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO 04-0685-WS-L |
| | ) | |
| THE UNIDENTIFIED SHIPWRECKED | ) | |
| VESSEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the following: plaintiff, Fathom Exploration, L.L.C.'s motion for protective order (Doc. 48); motion to amend/correct the motion for protective order (Doc. 50) [1] ; defendants', the State of Alabama and Alabama Historical Commission's, response in opposition (Doc. 52) and defendant, United States' response in opposition.  (Doc. 53) [2]

Upon consideration, and for the reasons set forth herein below, plaintiff's motion for protective order is **DENIED.**

---

[1]  By order dated March 29, 2005, the undersigned directed plaintiff to amend its motion for protective order to discuss more fully plaintiff's contention that "the exact location of the sites will not lead to the discovery of admissible evidence as the location of the sites has no effect on whether the State of Alabama or the United States of America have legitimate claims to these wreck sites", and (2) the nature of plaintiff's reliance on the decision in Deep Sea Research.   (Doc. 49)

[2]  Within its response, the United States "renews its Motion for a More Definite Statement" (See Doc. 17).  Defendant's initial motion for a more definite statement was previously addressed by the district judge.  (See Doc. 32) Accordingly, the clerk is **DIRECTED** to refer the defendant's "renewed" motion to District Judge William Steele for consideration.

1

Plaintiff seeks to protect from discovery information regarding "the exact location of four (4) sites from which certain artifacts have been recovered " on the grounds that the information is "proprietary" and "will not lead to the discovery of admissible evidence as the location of the sites has no effect on whether the State of Alabama or the United States of America have legitimate claims to these wreck sites." (Doc. 48) .

Plaintiff acknowledges that pursuant to an oral order issued by the undersigned Magistrate Judge, plaintiff was to disclose to the defendants the exact location of the four (4) wreckage sites. [3]

---

[3] On March 16, 2005 the undersigned Magistrate Judge presided over a scheduling conference wherein she orally directed the parties to submit a *joint* protective order wherein plaintiff would agree to reveal the exact locations of the wreck sites to defendants for the *sole* purposes of this litigation. (Doc. 46)  In addition to the oral directive of the undersigned, the district judge assigned to this action has previously entered an order granting the State's motion for a more definite statement. See Fathom Exploration, L.L.C. v. The Unidentified Shipwrecked Vessel or Vessels, etc., in rem, 352 F.Supp. 2d 1218 (S. D. Ala. 2005).  In that order, the court stated, in pertinent part:

> Fathom may not know the name of the vessel or vessels, but it surely knows the *precise* locations(s) from which it recovered the four artifacts furnished to the Marshall's Office.  Fathom also likely has information relating to where wreckage has been spotted within the two nautical-mile zone identified in the Complaint...."
>
> ...
>
> [T]he Court is of the opinion that the Complaint falls short of the particularity requirements set forth in Supplemental Rules C (2)(b) and E(2)(a).  These rules do not require laser-beam precision in the identification of an unknown wreck, nor do they oblige a salvor to assume the role of oracle or soothsayer.  *But they do require a salvor to relate in its complaint reasonably available information concerning the location, nature and embedded status of the wreck on which salvage operations are being conducted.*  This the salvor has not done.

352 F.Supp. 2d at 1226-27 (emphasis added).

In response to the court's order plaintiff filed an amended complaint describing the sites as "lying on or embedded in the bottom of both the Alabama and Federal waters of the

2

Notwithstanding the court's order, plaintiff now declines to produce this information, arguing instead that the exact location of the sites is "proprietary information" and said disclosure would "irreparably harm plaintiffs."  (Doc. 48, p. 1)

In support of the motion, plaintiff relies on <u>California v. Deep Sea Research, Inc.,</u> 523 U.S. 491, 118 S.Ct. 1464, 140 L. Ed. 2d 626 (1998). [4]   Plaintiff argues that "[a] key factor in Deep Sea Research's ("DSR") litigation was the fact that DSR alone knew the precise location of the shipwreck." (Doc. 50, p. 2)   Specifically, plaintiff notes that, at the district court level, DSR failed to disclose the exact location of the *Brother Jonathan*, but stipulated that the vessel was " 'located within California's territorial sea.' "  (Doc. 50, p. 2)   Plaintiff contends that the district court allowed the exact location of the *Brother Jonathan* to remain confidential since the approximate location of the vessel was of public record and there was "a history of archaeologically significant shipwrecks in California...being destroyed by unscrupulous divers searching for treasure."  (Doc. 50, p.3) Likewise, plaintiff argues that

_____

arrested area and arguing that the "the precise locations...are proprietary information." (Doc. 38 ) In addition, plaintiff included a very general description of each site.  For example, plaintiff described Site 1 as follows:

"Site 1: in 20 feet of seawater ("FSW") in AL waters, the site is comprised of a heavily deteriorated wooden hull vessel with iron and bronze fasteners exposed above the seabed.  The exposed wreckage lies in a north-south orientation, is approximately 100 feet in length and displays extensive damage from commercial trawl (ie., net dragging) fishing.  A bronze fastening pin has been recovered from this site."

(Doc. 38, pp. 3- 4)

[4]  In <u>Deep Sea Research</u>, the Supreme Court of the United States held that the Eleventh Amendment does not bar the jurisdiction of a federal court over an *in rem* admiralty action where the *res* is not within the state's possession.  523 U.S. at 507-508.

the "salvage area" in the present litigation is of public record and that to require plaintiff to reveal the exact locations of the wreck sites would invite "interlopers to dive and salvage the sites without regard to ownership of the property recovered and without the archaeological oversight of the United States District Court." (Id at p. 4)  As an alternative, plaintiff offers to provide the information to the court under seal.

In response, defendants, the State of Alabama and Alabama Historical Commission, acknowledge that their claim turns *in part* on whether the vessels are located in state waters and, for purposes of this element of the claim, the exact location would be unnecessary if Fathom is willing to admit the vessels lie in state waters.  (Doc. 52) [5]  However, the Alabama defendants argue that the exact location is still discoverable because "in order to prove that the shipwrecks belong to Alabama under the federal Abandoned Shipwreck Act, the State and the Commission must show that they are abandoned and that they are embedded in the ocean floor. " (Doc. 52, p. 2) The Alabama defendants maintain that "[a]bandonment turns on the identity and ownership of the vessels...[which] might be established by comparison of the exact locations with information in the hands of the State, the Commission, or the United States regarding sinkings".  Moreover, the Alabama defendants also argue that proof of whether the ships are "embedded...may depend upon visual examination by witnesses for the State, which could not occur without knowledge of locations."  (Id.)

In its brief in opposition to plaintiff's motion for protective order, defendant, the United States,

_____

[5]  In its amended motion for protective order, Fathom states that it "is fully prepared to stipulate to the general location of each shipwreck site insofar as its discovery in either Alabama or federal waters."  (Doc. 50, p. 4)

argues that plaintiff's reliance on <u>Deep Sea</u> is misplaced, noting that in that case "there was never an issue regarding the identity of the shipwreck." (Doc. 53, p. 1) In its brief the United States concurs with Alabama's position but states that "knowledge of the 'precise locations' of the sites where Plaintiff is working" will not assist the United States in identifying the shipwreck(s)". Instead the United States argues that plaintiff "should be required before continuing its salvage activity, to comply with this Court's Order of January 24, 2005 by filing a 'Statement to the Court', providing, as previously required by the Court, 'such additional reasonable details as it may have concerning the [possible] identity' of the shipwreck(s)." (<u>Id.</u> at pp. 2-4). [6]

The undersigned agrees with the government that plaintiff's reliance on <u>Deep Sea</u> is misplaced. In <u>Deep Sea</u>, the parties stipulated to the fact that the vessel was embedded in state waters. In addition, as correctly noted by the government in its brief in opposition, the identity of the sunken vessel [*The Brother Jonathan*] was not an issue in that litigation. In the present case, the identities of the vessels are unknown and only the plaintiff is privy to information regarding the precise location of the sites. While plaintiff has divulged general information regarding the salvage sites, it has not revealed the *precise location* of the sites as previously directed by the court. Although the court is mindful of plaintiff's concerns regarding preserving the integrity of the sites, plaintiff has failed to establish that it will be irreparably harmed by disclosing that information to the defendants under a protective order. Accordingly, the motion for protective order as requested by plaintiff is **DENIED.** The parties are <u>again</u> ordered to confer regarding this issue and are DIRECTED to file a joint motion for a limited

---

[6] This issue is not currently before the undersigned Magistrate Judge. See *supra* footnote no.2.

5

protective order, as discussed herein, no later than **May 5, 2005**. [7]

      **DONE** this the 28th day of April, 2005.

                    /s/ Kristi D. Lee

                    **KRISTI  D.  LEE**

                    **UNITED STATES MAGISTRATE JUDGE**

---

[7] Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(7) that a trade secret or other confidential research, development, or commercial information not be revealed *or be revealed only in a designated way;* and

Fed. R. Civ. P. 26(c)(7) (emphasis added).