## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FATHOM EXPLORATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 04-0685-WS-D |
| | ) | |
| THE UNIDENTIFIED SHIPWRECKED | ) | |
| VESSEL OR VESSELS, etc., *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on a Motion under Rule 23(g)(2) for Appointment of Interim Class Counsel (doc. 82) filed by claimant L. Tracy Girdler, individually and as named representative of a putative class of persons purporting to have an interest in the Clipper Ship ROBERT H. DIXEY. The Motion has been briefed and is ripe for disposition.

On August 12, 2005, Girdler filed a Claim (doc. 81) as to the unidentified sunken vessel(s) that are the subject of this *in rem* litigation.  In support of his Claim, Girdler alleged "based on historical study, and family tradition handed down for many generations" that he had reason to believe that the vessel(s) may consist of or include the Clipper Ship ROBERT H. DIXEY (the "DIXEY"), which purportedly was shipwrecked at or near the mouth of Mobile Bay during a hurricane in September 1860.  Girdler further alleged that he and the putative class that he purports to represent have a legally cognizable interest in the DIXEY, and objected to any attempts by plaintiff Fathom Exploration LLC to proceed with recovery operations on that shipwreck pursuant to the law of salvage or the law of finds.

Contemporaneously with his Claim, Girdler filed the instant Motion under Rule 23(g)(2) for Appointment of Interim Class Counsel, seeking appointment of filing counsel, David Bagwell, as interim counsel to act on behalf of the putative DIXEY class in advance of any class certification decision.  The Motion proffers evidence of Mr. Bagwell's fiscal willingness and technical ability to fairly and adequately represent the interests of the class, but is otherwise silent as to the specific reasons why

appointment of interim counsel is sought.

Effective December 1, 2003, Rule 23 of the Federal Rules of Civil Procedure was substantially amended.  Pursuant to this revision, a new Rule 23(g) section was created, requiring that "a court certifying a class must appoint class counsel."  *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 99 (M.D. Tenn. 2004).  Rule 23(g)(2)(A) authorizes, but does not require, a district court to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  *Id.*  Little authority interpreting this provision has emerged in the last year and a half; however, both the Advisory Committee Notes and a prominent commentator explain that Rule 23(g)(2)(A) was created because formal designation of interim counsel might be appropriate in the face of rivalry or uncertainty as to which of multiple competing attorneys truly represents the interests of a class.  *See* Advisory Committee Notes to Rule 23, Fed.R.Civ.P.; *see also* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1802.3 (explaining that in many instances such pre-certification activities as discovery and settlement negotiations can be appropriately handled without designation by attorney who originally filed suit, but that formal designation of interim counsel may be appropriate where there is rivalry or uncertainty as to which of several attorneys actually is acting on behalf of the putative class).  Designation of interim class counsel is a largely academic, formal enterprise, inasmuch as "[f]ailure to make the formal designation does not prevent the attorney who filed the action from proceeding in it," nor does it excuse the attorney who acts on behalf of the class prior to certification from proceeding in the class's best interests.  Advisory Committee Notes; *see also* Wright, Miller & Kane at § 1802.3 ("[A]lthough failure to make an interim designation does not preclude the attorney who filed suit from proceeding with it, the court is given interim-appointment authority for those cases in which it is needed.").

This action does not appear to present the type of scenario for which the interim counsel appointment procedure was designed.  There is no indication that any attorney other than Mr. Bagwell is vying to speak on behalf of the putative DIXEY class herein.  There is certainly nothing to suggest any uncertainty as to whether Mr. Bagwell or someone else is actually representing the interests of the putative DIXEY class.  Even without being cloaked in the mantle of a formal Rule 23(g)(2)(A)

appointment, counsel would be fully entitled to proceed on behalf of Girdler and the other putative class members.  Nonetheless, the Court perceives no conceivable harm that could come from making such an interim appointment in this case.  The Court readily finds that Mr. Bagwell has made an adequate showing for Rule 23(g)(2)(A) purposes that he is capable of fairly and adequately representing the interests of the putative class.  Additionally, a formal interim appointment might provide clarity in the event that other putative class members come forward with would-be class counsel of their own at some future date.  Accordingly, in the exercise of its discretion, the Court hereby **grants** the Motion and **appoints** David A. Bagwell as interim counsel to act on behalf of the putative DIXEY class pursuant to Rule 23(g)(2)(A), Fed.R.Civ.P.[1]

DONE and ORDERED this 15th day of September, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]     In making this ruling, the Court has considered Fathom's numerous objections to the relief requested by Girdler.  In particular, the Court notes Fathom's arguments that class certification is inappropriate; that Girdler is not a proper class representative because he lacks the requisite factual nexus to the DIXEY; that Girdler has failed to take action reasonably calculated to find, save or protect the DIXEY, and therefore has abandoned same; that the contours of the proposed class are ill-defined and unknown; and that the class Girdler purports to represent may have subrogated all of its rights in the DIXEY to a marine underwriter that insured against the loss of that vessel back in 1860.  These contentions may or may not have merit and may figure prominently in this litigation at a later date; however, none of them bear on the propriety of appointing Mr. Bagwell to represent the putative class pursuant to Rule 23(g)(2)(A) on an interim basis in advance of any certification decision.  Of course, Fathom is free to reassert and revisit these objections at an appropriate juncture of these proceedings.