# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| FATHOM EXPLORATION, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 04-0685-WS-M |
| | ) | |
| THE UNIDENTIFIED SHIPWRECKED | ) | |
| VESSEL OR VESSELS, etc., *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This stayed matter comes before the Court on the parties' Joint Status Report (doc. 194). The Status Report reflects that all parties jointly propose the following course of action: (i) that the stay is due to be lifted as to the vessel identified by Fathom as the *AMSTEL*, but should remain in place as to the other three shipwreck sites in the admiralty arrest area pending tentative identification of same; (ii) as to the purported *AMSTEL* site, triable issues concerning vessel identity and abandonment may be resolved by this Court on written evidentiary submissions and briefs (rather than a formal hearing or trial) after a short discovery period; and (iii) ancillary issues of class certification, descent and distribution should be deferred unless and until such time as a judicial determination is made that the vessel is the *ROBERT H. DIXEY*.

After careful review of the Joint Status Report as well as other portions of the court file deemed relevant, the undersigned finds that the parties' proposed plan is an efficient, reasonable and prudent way of moving forward on the *AMSTEL* portion of the case, as to which a stay is no longer necessary. Accordingly, it is **ordered** as follows:

1. The stay imposed on December 14, 2005 (*see* doc. 141) is hereby **lifted** as to the shipwreck that Fathom has identified as the *AMSTEL*.

2. As to that wreck, the parties may engage in the full panoply of discovery procedures, in accordance with Rule 26 of the Federal Rules of Civil Procedure, with discovery to be confined to the specific issues of vessel identity and abandonment, as designated by the parties in their Joint Status Report.

3.     All discovery on these specific discovery issues must be completed on or before **October 3, 2011**. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.[1]

4.     Any party wishing to be heard on the issues of the identity of the vessel that Fathom is calling the *AMSTEL* and/or whether said vessel has been abandoned within the meaning of The Abandoned Shipwreck Act must file a memorandum of law, with supporting exhibits, setting forth its position on or before **December 2, 2011**. Any party wishing to respond to any other party's evidentiary submission and brief may file a response on or before **December 16, 2011**. If an evidentiary hearing or oral argument is warranted, the Court will set the matter for hearing shortly thereafter. Otherwise, these issues will be taken under submission upon the close of briefing.[2]

---

[1]     With respect to discovery, the Court recognizes that this Order is substantially less comprehensive than the Rule 16(b) Scheduling Orders that typically issue from this District Court. Likewise, the parties have not been required to submit a Rule 26(f) report at this time. The Court has opted for this less rigorous approach, based on the unusual circumstances of this case and the perception that the parties should be able to work together reasonably and in good faith to complete the limited discovery that is likely to be necessary to address the narrowly circumscribed triable issues presented, without resort to the sorts of judicially imposed directives, ground rules, and parameters ordinarily imposed. That said, if at any time during the discovery process any party believes that entry of a more extensive Rule 16(b) Scheduling Order might be beneficial, that party should promptly file a notice to that effect. At that time, the matter may be set for a scheduling or discovery conference before the Magistrate Judge.

[2]     In prescribing these briefing deadlines, the Court emphasizes that this procedure is distinct from a Rule 56 summary judgment inquiry. Indeed, the Joint Status Report reflects the parties' belief that "there will be competing inferences which would make summary judgment improper," but that they nonetheless are asking the Court to endeavor "to decide any and all fact issues and resolve any competing inferences based on the available record." (Doc. 194, at 3.) In other words, the parties are proposing that this Court act as finder of fact on the questions of vessel identity and abandonment based on a written record and briefs. The Court will do so on the express understanding that all parties have acquiesced to this protocol. Of course, should review of the parties' materials reveal a need for credibility determinations, or should the undersigned otherwise determine that live witnesses and evidentiary presentations are necessary to resolve (or would facilitate the resolution of) any triable issues, this matter will be set for hearing.

5.     Issues concerning class certification of the heirs of the last owners of the *ROBERT H. DIXEY*, and descent and distribution among such persons, are held in abeyance unless and until such time as a judicial determination is made that the subject wreck is, in fact, the *DIXEY*.

6.     With respect to all other wreck sites within the admiralty arrest area in this case, as to which Fathom has notified the Court that even tentative identification remains impossible at this time, the stay remains in place.  As to those wrecks, Fathom remains governed by the status report obligations delineated by the Court's previous orders.

DONE and ORDERED this 1st day of July, 2011.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE